139 F.3d 907
 81 A.F.T.R.2d 98-962, 98-1 USTC P 50,244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth J. OWEN; Margaret M. Owen, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-15981.
D.C. No. CV-96-2343-CAL.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth and Margaret Owen appeal pro se from the district court's grant of summary judgment in favor of the United States in their action seeking a refund of taxes paid on $12,500 of income earned by Margaret Owen in 1989. They contend that the government was equitably estopped from refusing to refund the taxes and that they are entitled to the refund under the doctrine of equitable recoupment. We affirm the district court's judgment.
 
 
 3
 Margaret Owen's employer, Walter Schneider, Inc. (Schneider), issued checks to her sister, Betty Madrid, who cashed the checks and gave Owen the proceeds. The Owens reported the payments as income on their joint return and paid tax on the income. The Internal Revenue Service (IRS) later audited Schneider's corporate returns and made an assessment of tax against Madrid for the money received from Schneider. Madrid paid the tax. The Owens sought a refund, but Madrid did not.
 
 
 4
 The Owens contend that the government is equitably estopped from denying their claim for refund because the IRS auditor misrepresented that Madrid was liable for the tax and instructed the Owens to seek a refund. According to a declaration submitted by the Owens, the auditor also said that if Madrid would accept his findings, then he would impose fewer penalties. The Owens' contention lacks merit because the auditor's error did not constitute affirmative misconduct. See Purcell v. United States, 1 F.3d 932, 939 (9th Cir.1993) (estoppel against government requires showing of affirmative misconduct and serious injustice). Given Schneider's payment arrangements, the auditor's conclusion was understandable, and the District Director's acceptance of the auditor's conclusion did not amount to a series of misrepresentations. See S & M Investment Co. v. Tahoe Regional Planning Agency, 911 F.2d 324, 329 (9th Cir.1990) (single oral misstatement by government employee ordinarily not affirmative misconduct).
 
 
 5
 The Owens also contend that they are entitled to the refund under the doctrine of equitable recoupment because tax was collected twice on the same income. This contention lacks merit because even though Margaret Owen reimbursed Madrid for the tax she paid, the two do not have sufficient identity of interest so that they should be treated as one taxpayer. See Parker v. United States, 110 F.3d 678, 683 (9th Cir.1996).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3